UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:12CV-P75-M

**JOE DON WEAVEL**                                                                                                    **PLAINTIFF**

v.

**ANGIE PLEASANT et al.**                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Joe Don Weavel, *pro se* initiated this civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner incarcerated at the Hopkins County Jail (HCJ), sues HCJ medical staff person Angie Pleasant and HCJ Jailer Joe Blue in their official capacities. He alleges that in May 2012 he informed HCJ medical staff during a physical examination that he needed treatment for Hepatitis C and physical therapy for a shoulder problem. Plaintiff was informed that therapy and Hepatitis C treatment were not provided at the HCJ. In response to a grievance, Defendant Pleasant stated that Plaintiff would not receive "physical therapy bands in this facility." On a sick-call request form filled out by Plaintiff and attached to the complaint, he stated that he wished to be seen at sick call for "a joint condition called sublexing shoulders that affects both my shoulders." That sick-call request form continued: "I am supposed to use therapy bands to keep my shoulder muscles toned up to help keep them in their socket. Since I haven't had them my shoulder muscles have deteriorated and my joints are coming out of socket more often. Is it possible to receive exercise bands here." An HCJ Requisition Form dated

May 14, 2012, regarding his need for therapy exercise bands and treatment for Hepatitis C was responded to by Defendant Pleasant in pertinent part, "You will not receive exercise bands in this facility."

Plaintiff also alleges that the HCJ's lack of a proper law library violates his rights. Plaintiff asks for monetary and punitive damages and injunctive relief in the form of an order for him to be transferred to another facility.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Eighth Amendment claims***

Plaintiff sues Defendants in their official capacities.  If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claims against the employees of HCJ in their official capacities are actually brought against the Hopkins County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

With regard to the first issue, to establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).  Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate.  *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).  Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment."  *Id.* (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).  The Court finds that the complaint alleges an Eighth Amendment violation with regard to his claims relating to Hepatitis C and his shoulder condition.

With regard to the second issue, whether the municipality is responsible for that violation, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint and attachments thereto read liberally identify a policy or policies causing the alleged constitutional violations. The Court will allow Plaintiff's Eighth Amendment claims to go forward against Hopkins County, which will replace Defendants Pleasant and Blue in this action.

*Claim regarding law library*

Plaintiff's complaint alleges the HCJ law library is inadequate. Among the exhibits to his complaint is an HCJ Requisition Form dated May 31, 2012, in which Plaintiff stated:

> The law library here is a violation of prisoner rights. It consist of one law book with missing pages. I need access to type writer, legal motion forms, federal laws and other legal materials. I had to feel out court papers with a pencil because pens are not allowed in this facility. . . . I am in the process of filing a law suit against this facility. I can't get copies of the suit for my records without giving my legal work to a guard to make copies. No one should ever have to give legal work to a officer of the law. I need to know how I can get copies made without handing them over to a state employee.

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walker v. Mintzes*, 771 F.2d at 932. In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or

5

legal assistance program is subpar in some theoretical sense.").

Plaintiff's complaint does not do so. Moreover, with regard to Plaintiff's allegations concerning having copies made, he can always make handwritten copies. This claim will be dismissed by separate Order.

### III. CONCLUSION

For the foregoing reasons, the Court will enter a Scheduling Order to govern the development of the Eighth Amendment claims against Hopkins County. The Clerk of Court is **DIRECTED** to add Hopkins County as a Defendant in the caption. In allowing those claims to go forward, the Court expresses no opinion as to the ultimate merit of those claims. Also by separate Order, the Court will dismiss his claim relating to the adequacy of the law library.

Date: October 5, 2012

                                          **Joseph H. McKinley, Jr., Chief Judge**
                                            **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Hopkins County Attorney
4414.009