# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**JOE DON WEAVEL**                                                                                               **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 4:12CV-P75-M**

**ANGIE PLEASANT et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are cross motions for summary judgment (DNs 24 & 25). For the reasons set forth below, the Court will grant Defendant's motion and deny Plaintiff's motion.

## I. FACTS

Plaintiff, a convicted prisoner incarcerated at the Hopkins County Jail (HCJ), sued HCJ medical staff person Angie Pleasant and HCJ Jailer Joe Blue in their official capacities. He alleged that in May 2012 he informed HCJ medical staff during a physical examination that he needed treatment for Hepatitis C and physical therapy for a shoulder problem. According to the complaint, Plaintiff was informed that therapy and Hepatitis C treatment were not provided at the HCJ. In response to a grievance, Defendant Pleasant stated that Plaintiff would not receive "physical therapy bands in this facility." On a sick-call request form filled out by Plaintiff and attached to the complaint, he stated that he wished to be seen at sick call for "a joint condition called sublexing shoulders that affects both my shoulders." That sick-call request form continued: "I am supposed to use therapy bands to keep my shoulder muscles toned up to help keep them in their socket. Since I haven't had them my shoulder muscles have deteriorated and my joints are coming out of socket more often. Is it possible to receive exercise bands here." An HCJ Requisition Form dated May 14, 2012, regarding his need for therapy exercise bands and treatment for Hepatitis C was responded to by Defendant Pleasant in pertinent part, "You will

not receive exercise bands in this facility."

On initial review, the Court determined that the Eighth Amendment claims against Defendants Blue and Pleasant should be construed as against Hopkins County.

## II. ANALYSIS

*Summary-judgment standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi*

*Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

In Plaintiff's motion for summary judgment (DN 24), he states that he had a routine physical on May 9, 2012, because he was new at the facility. Plaintiff states that he informed medical that he needed treatment for Hepatitis C and that he had a shoulder joint condition. He states that he was told that he would not receive treatment for Hepatitis C or any form of physical therapy for his shoulder.

In its motion for summary judgment and response to Plaintiff's summary-judgment motion, Defendant argues that it is immune from suit because Plaintiff has failed to show a custom or policy giving rise to the alleged constitutional violations and because it cannot be held responsible based on the doctrine of *respondeat superior*. Defendant further argues that Plaintiff has not shown a sufficiently serious medical need because he has failed to show that his Hepatitis C was anything but dormant. Defendant argues that, although since filing this lawsuit Plaintiff has claimed that the Hepatitis C has caused him fatigue, nausea, body aches, and liver damage, he has failed to show that these symptoms are connected to his Hepatitis C or that he ever made jail staff aware of these symptoms.

Defendant further argues that the record evidence disputes Plaintiff's contention that he has a shoulder condition. Defendant points to a document granting Plaintiff trustee status which does not mention any shoulder problems. Defendant attaches the affidavit of Jailer Blue who avers that Plaintiff is given time and space for recreation and exercise three times per week.

Blue also averred that he viewed a surveillance video of an altercation on July 12, 2012. Blue avers that the fight was initiated by Plaintiff who punched another inmate, and that Plaintiff "appeared to be physically healthy in that video." Finally, he avers that he will not allow Plaintiff to have exercise bands in the jail because they could be used as a weapon and that his review of the jail medical records indicates that Plaintiff never complained of Hepatitis C symptoms to the staff at this facility.

In his response (DN 30), Plaintiff argues that, although he does have the opportunity for recreation three times per week, there is no equipment in the recreation area to do physical-therapy type of exercises, nor can Defendant expect Plaintiff to have the knowledge to perform exercises correctly without medical staff assistance. Plaintiff argues that Blue could not make a determination as to Plaintiff's health by watching a video of a fight Plaintiff was involved in because adrenaline could mask any pain or sickness temporarily. Plaintiff further takes issue with Blue's determination that Plaintiff may not have exercise bands because they could be used as a weapon because Plaintiff has access to mops, brooms, buckets, towels, and other things that could be used as weapons.

The Court notes that in considering the motions for summary judgment, the complaint is verified, *i.e.*, Plaintiff certified under penalty of perjury that the contents of the complaint were "true and correct." "Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint . . . satisfies the burden of the nonmovant to respond." *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court found in its screening of this complaint that Plaintiff had alleged a policy of not treating dormant Hepatitis C and of not allowing exercise bands. Thus, summary judgment will not be granted to Defendant on the basis of failing to allege a policy. The Court now turns its attention to whether Plaintiff suffered harm as a result of a constitutional violation.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

*Hepatitis C*

Hepatitis C may represent a serious medical need. *Coleman-Bey v. United States*, 512 F. Supp. 2d 44, 47 (D.D.C. 2007) ("[C]hronic Hepatitis C infection presents a serious medical need as the condition may lead to liver disease, including cirrhosis."). However, various courts have found that chronic, asymptomatic Hepatitis C is a non-serious medical condition for purposes of § 1983. *Holt v. Enenmoh*, No. 1:10-cv-02385-SKO, 2012 WL 14025, at *3 (E.D. Cal. Jan. 4, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)); *Moore v. Bennett*, 777 F. Supp. 2d 969, 980 (E.D.N.C. 2011). "Hepatitis C is frequently asymptomatic in most patients

[and] is typically slowly progressive over the course of decades." *Alley v. Dowis*, 09-cv-027130WYD, 2011 WL 3682759, at *9 (D. Colo. May 2, 2011). "As numerous courts have acknowledged, [H]epatitis C does not require treatment in all cases." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 357 n.1 (6th Cir. 2006).

It is undisputed that Defendant knew that Plaintiff is infected with Hepatitis C. However, none of the documents in the record show that Plaintiff was suffering any symptoms of Hepatitis C or that he even complained of any symptoms to Defendant. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). Here, Plaintiff has not shown that a serious medical need was not being addressed by Defendant.

Because Hepatitis C does not automatically require treatment simply by virtue of having the diagnosis, and because Plaintiff has not shown that he complained to Defendant of any symptoms of Hepatitis C, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claim relating to his Hepatitis C.

***Shoulder condition***

Plaintiff's Medical Clearance for Trustee Status Form signed by Plaintiff on May 9, 2012, lists no chronic issues, except a past history of Hepatitis C. His Correctional Medical Services Intrasystem Transfer Form, attached to Defendant's motion for summary judgment, dated June 8, 2012, lists no diagnoses (except for being positive for Hepatitis C), no physical disabilities, no current treatments, and no medications. Also attached to the summary-judgment motion are a sick-call request form dated May 13, 2012, in which Plaintiff states that he has

6

"sublexing shoulders," and a requisition form dated May 14, 2012, asking for exercise bands for his "sublexing shoulders." Also attached are two grievances about his Hepatitis C and his shoulder problem.

Defendant is also entitled to summary judgment as to Plaintiff's Eighth Amendment claim relating to his "sublexing shoulders." Plaintiff's demand to be provided with exercise bands was reasonably denied based on safety concerns. Plaintiff was not told that he could not exercise. Moreover, the documentation does not show that Plaintiff ever presented Defendant with medical evidence that he had "sublexing shoulders" or had been instructed by a physician to exercise with bands. Therefore, it cannot be said that Plaintiff's Eighth Amendment rights have been violated with regard to his alleged shoulder condition. *See Wilson v. Dragvoich*, No. CIV. A. 96-2635, 1997 WL 799431, at *3 (E.D. Pa. Dec. 31, 1997) (finding where inmate wanted, among other things, physical therapy, "an inmate has no constitutional right to medical treatment he thinks is appropriate or requests.")

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for summary judgment (DN 24) is **DENIED** and Defendants' motion for summary judgment (DN 25) is **GRANTED**. **IT IS ORDERED** that Plaintiff's claims are **DISMISSED**. The Court will enter a judgment in favor of Defendants.

Date: July 31, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Counsel of record
4414.009